UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KELLIE L. KESSLER and MARK D. KESSLER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.   1:03-CV-64 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

When Plaintiffs' expert, Dr. R. Craig Saunders, an orthopaedic surgeon from Bedford, Texas, insisted on a fee of $1,250 per hour for the first four hours of any deposition he would give, Defendant United States of America balked and filed a Motion for a Protective Order under Federal Rule of Civil Procedure 26(b)(4) asking the Court to set a reasonable fee of $500 per hour. (Docket # 39.)  Defendant further asserts that if Dr. Saunders refuses to submit to a deposition at that rate, the Court should order Plaintiffs to make up the $750 difference, or suffer the loss of Dr. Saunders's testimony at trial. (*Id*.)

Although Defendant filed its motion on June 2, 2005, Plaintiffs have not filed a response. Since the time for doing so has passed under Local Rule 7.1(a), the Court will rule based on the current record.

## DISCUSSION

This case brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), arises from a motor vehicle accident that occurred on September 14, 1998, between Plaintiff Kellie L. Kessler and a vehicle driven by a United States Postal Service employee. (*See* Compl.)  By stipulation,

Defendant concedes liability; the only issue is damages. (Stipulation as to Liability ¶ 2.) Therefore, the expert medical testimony of Dr. Saunders is vitally important.

Rule 26(b)(4), which governs this dispute, provides that "[u]nless manifest injustice would result . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(C).  Such discovery includes the deposition of any person identified as an expert whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4)(A).  This rule seeks to set the fee at a level that will enable parties to hire quality experts, "while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Hurst v. United States*, 123 F.R.D. 319, 320 (D.S.D. 1988) (plaintiff's expert entitled to $125 per hour for time spent preparing to be deposed and time deposed).

The reasonableness of such fees is assessed considering the following factors: "(1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the local cost of living; and (6) any other factor likely to be of assistance in balancing the interests implicated by Rule 26." *Profile Prod., LLC v. Soil Mgmt. Tech., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001). Plaintiffs offer no evidence regarding any of these factors, although they apparently submitted Dr. Saunders's *curriculum vitae* to Defendant along with an explanation that $1,250 per hour is his standard and customary charge, commenting that it has never been challenged. *(See* Andersson Decl. Exs. 2, 3.)

Dr. Saunders's *curriculum vitae* reveals that he is obviously a qualified orthopaedic

surgeon, but the question here, given the factors catalogued above, is whether his requested deposition fee is reasonable. The contrast between the fee requested by Dr. Saunders, and that charged by Defendant's expert, Dr. Gunnar B.J. Andersson, is telling. Dr. Andersson, who is also a qualified expert in the field of orthopaedic surgery, opines that any fee over $500 per hour is unreasonable. (*See* Andersson Decl. ¶ 4.) This opinion stems not only from Dr. Andersson's own hourly fee of $500, but his knowledge and experience regarding fees currently charged by orthopaedic surgeons with similar knowledge, skills, and experience as Dr. Saunders. (*Id*. at ¶¶ 1, 4.)

Of course, the Court has more than simply Dr. Andersson's opinion upon which to rely; other courts have also established reasonable fees for testifying medical experts, drawing the line much closer to Dr. Andersson's conception of what is reasonable than Dr. Saunders's. *See e.g.*, *Edin v. The Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz.1999) (surgeon's requested rate of $800 for the first hour of deposition and $600 for the second hour reduced to $450 per hour); *Hose v. Chicago & North W. Transp. Co.,* 154 F.R.D. 222, 227 (S.D. Iowa 1994) (neurologist's fee reduced from $800 to $400 per hour); *Frederick v. Columbia Univ.*, 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (reducing $975 per hour fee demanded by acknowledged eminent expert toxicologist to $375 per hour); *Cabana v. Forcier*, 200 F.R.D. 9, 16 (D. Mass. 2001) (reducing nationally recognized toxicologist's "unconscionable" fee of $1,180 per hour to $375 per hour); *Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645-46 (E.D.N.Y. 1997) (requiring psychiatrist with numerous degrees, publications, board memberships, and past faculty positions to reduce his deposition fee from $350 per hour to $250 per hour).

Based on the factors the Court must consider, Dr. Saunders's deposition fee is not

reasonable, and the Motion for a Protective Order will be granted.

## CONCLUSION

Accordingly, Defendant shall compensate Dr. Saunders for his appearance at the deposition at the rate of $500 per hour, and Defendant's Motion for a Protective Order is hereby GRANTED. (Docket # 39.)  If Dr. Saunders insists on receiving a fee of $1,250 per hour for sitting in a deposition, Plaintiffs, who do not offer a plea of indigency, must pay the excess.

Enter for June 28, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge